# APPENDIX 2

# Statement of Foreign Representative as Required by 11 U.S.C. § 1515

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Petition of David K. Morgan, as Foreign | ) |
| Representative of United Kingdom Foreign | ) |
| Proceeding respecting | ) |
| THE MEADOWS INDEMNITY | ) Chapter 15 |
| COMPANY LIMITED | ) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |

**STATEMENT OF FOREIGN REPRESENTATIVE
AS REQUIRED BY 11 U.S.C. § 1515**

I, David K. Morgan, pursuant to 28 U.S.C. § 1746, hereby declare under of penalty of perjury as follows:

1. I am over the age of 18 and, if called upon, could testify to all matters set forth in this statement based upon by own personal knowledge except for any portions specified as being otherwise.

2. I was duly designated by The Meadows Indemnity Company Limited (the "Company" or the "Debtor") to act on its behalf with respect to the Debtor in the Foreign Proceeding, which is the subject of this Chapter 15 Petition and, therefore, am duly authorized to act in the capacity of foreign representative as I have been advised that term is defined in section 101(24) of the United States Bankruptcy Code (the "Bankruptcy Code").

3. The Debtor is a company organized and existing under the laws in force in Guernsey, Channel Islands of the United Kingdom, with registered office and place of business located in the United Kingdom.

4. A foreign proceeding respecting the Company was duly commenced and is pending in the United Kingdom and has been authorized and sanctioned by the High Court of Justice of England and Wales (the "UK Foreign Proceeding").

5. The UK Foreign Proceeding is the only foreign proceeding respecting the Debtor of which I have any knowledge.

6. I believe that the UK Foreign Proceeding is a "foreign main proceeding", as I have been advised that term is defined in sections 101923) and 1502(4) of the Bankruptcy Code, as, among other things, the registered office of the Company is

in the United Kingdom, which is presumed to be the center of main interests of the Company within the meaning of section 1516(c) of the Bankruptcy Code.

7. If the Court determines that the United Kingdom is not the center of the Company's main interests and, therefore, that the case commenced by this Chapter 15 Petition may not be treated as a foreign main proceedings, it is respectfully requested that the Court entertain the Petition as one seeking recognition of, and relief respecting, a foreign non-main proceeding, as defined in section 1502(5) of the Bankruptcy Code, as the Company has an establishment, as defined in section 1502(2) of the Bankruptcy Code, in the United Kingdom.

Executed on the 31st day of July, 2009.

/s/ David K. Morgan
David K. Morgan

398461-2